SARAH L. LITTLE, ESQ. (Bar No. 215635)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: s.little@kornfieldlaw.com

Attorneys for Micha Star Liberty

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

Micha Star Liberty

Debtors.

Case No. 24-40401 WJL

Chapter 13

**MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO NON-DEBTOR DEFENDANTSTO LITIGATION; MOTION FOR DAMAGES FOR STAY VIOLATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: April 17, 2024
Time: 10:30 a.m.
Ctrm: 220
U.S. Bankruptcy Court
1300 Clay Street, 2nd Fl.
Oakland, California

**TO THE HONORABLE JUDGE WILLIAM J. LAFFERTY, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

**INTRODUCTION**

Micha Star Liberty ("Liberty"), the Chapter 13 Debtor in the above-entitled case hereby

seeks an order extending the automatic stay pursuant to 11 U.S.C. §105(a) to third party defendants Liberty Law Office, Inc., Liberty Law, Inc., and Linda Culler, Trustee of Rising Sar Trust dated October 15, 2021 ("Culler"), regarding the state court actions of Lisa Bloom and the Bloom Firm; a fraudulent conveyance action entitled *the Bloom Firm, a Professional Corporation vs. Michael Star Liberty, an individual, Liberty Law Office, Inc., Liberty Law, Inc., and Linda Culler, Trustee of Rising Start Trust dated October 15, 2015* filed as case 23CV047497 in the Alameda County Superior Court (the "FT SCA") and a post-judgment collection on a judgment entered in a declaratory relief action entitled *Micha Star Liberty, an individual; and Liberty Law Office, Inc. vs. Lisa Bloom and The Bloom Firm* filed as case HG20079536 in the Alameda County Superior Court (the "Dec Relief SCA").

Extension of the stay to Liberty Law Office, Inc. and Liberty Law, Inc. is appropriate and necessary here because Liberty cannot propose a plan of reorganization when her income is derived through her law practice. Bloom has established that these entities are alter-ego and successor alter-ego of Liberty and Bloom's actions are impacting the estate's property interests. Liberty's time must be devoted toward reorganizing rather than defending a state court action for which the sole purpose is to collect a debt from Liberty.

The stay already applies to Culler, and therefore damages for violation of the stay as to Culler are appropriate as the law is clear that the trust is property of the bankruptcy estate and maintenance of an action against its trustee is a stay violation.

**FACTS**

On or about August 23, 2019, Micha Liberty ("Liberty"), through her solely owned corporation, Liberty Law Office, Inc. entered into a Joint Venture ("JV") and Joint Venture Agreement (the "JVA") with Lisa Bloom and The Bloom Firm. Problems with the JV arose quickly thereafter as Liberty had concerns over how Bloom handled cases, such as Bloom's trying

to achieve quick settlements to the detriment of clients, hiding her work for Harvey Weinstein from Liberty and the JVA clients, and Bloom's failure to pay all costs per the JVA. Further, Bloom did not obtain written consent of clients agreeing to joint representation and fee sharing as required by California law. On March 20, 2020, Bloom fired all of the staff attorneys dedicated to the JV, failed to pay all the required costs to Liberty Law, and abandoned the clients in violation of CRCP 1.16. Bloom thereafter filed notices to withdraw from the joint cases and filed liens demanding 50% of the attorney fees from the joint cases.

After Bloom served a demand for arbitration pursuant to the JVA, Liberty was forced to file a declaratory relief action in Alameda County Superior Court to determine whether a valid fee sharing agreement existed and was enforceable; whether Bloom was entitled to quantum meruit fees if the agreement was unenforceable; and a stay of arbitration pending decision on the enforceability of the agreement. Bloom moved to compel arbitration, which was unopposed, and the parties arbitrated on or about August 25, 2021, over three weeks with 7 days of argument and testimony. The arbitration panel entered an award requiring Liberty Law Office, Inc. to pay Bloom a total of $821,400.70 on resolved cases and 50% of the amounts due on delineated cases that were still unresolved as of the date of the award. The award also required Liberty Law Corp to pay Bloom an additional $160,020.00 for arbitration fees. On January 28, 2022, the Alameda County Court granted Bloom's petition to confirm award. Liberty has appealed the award which is currently pending before the First Appellate District. The judgment is not stayed because Liberty could not post a bond at the percentage Bloom would agree to.

Bloom immediately began aggressively collecting on the judgment. Liberty formed a new entity to continue practicing law and attempted to negotiate a settlement with Bloom. On October 30, 2023, Bloom moved for an amended judgment to name her new law corporation, Liberty Law, Inc. and Micha Star Liberty, individually, as judgment debtors under an alter-ego theory of

liability. The state court found that Liberty is the alter ego of Liberty Law Office, Inc. and that Liberty Law, Inc. is the successor to Liberty Law Office, Inc. and granted the motion to amend the judgment to include Liberty, individually, and Liberty Law Office, Inc. as judgment debtors.

Bloom continues to collect on her judgment, which is causing Liberty to incur costs to now defend a fraudulent transfer suit against herself individually, the successor law firm and her mother, Linda Culler, as Trustee of the Rising Star Trust, and also respond to discovery and demands related to Bloom's Order for Examination. In early March, Liberty retained bankruptcy counsel and at the same time paid Bloom $400,000 toward the judgment. Bankruptcy counsel attempted to meet informally with Bloom's counsel to see if a settlement and payment plan could be reached, and while Bloom's counsel was agreeable to meeting, Bloom's counsel would not halt collection efforts in the meantime and filed a motion to appoint a limited receiver. Liberty filed her pending Chapter 13 Petition on an emergency basis to seek protection from Bloom's collection efforts which are significantly impairing her ability to practice law and effectively reorganize. Bloom's position is that Liberty's automatic stay is not applicable to her solely owned corporations, which Bloom has already successfully argued are the alter-egos of Liberty.

Additionally, Bloom is suing Liberty's mother, Linda Culler as a fraudulent transferee, because Culler serves as trustee for Liberty's revocable trust which holds title to Liberty's primary residence.

Liberty's bankruptcy counsel and state court counsel provided notice to Bloom of Liberty's Chapter 13 Bankruptcy. A Notice of Bankruptcy was filed in the SCA. On March 26, 2024, Bloom filed a Notice the Proceedings are Not Stayed as to Non-Debtors asserting that the stay does not apply to Liberty Law Office, Liberty Law, Inc. and Culler.

Liberty's employment and income is solely derived through her practice of law. Bloom has established that she is the alter-ego of her law corporations, so the stay must apply to her

corporations, in order to stop Bloom's collection efforts and receivership action and allow Liberty to reorganize. Since Linda Culler is the trustee of Liberty's revocable trust, there is no reason to maintain a separate action again her as trustee, all of the trust property is property of Liberty's bankruptcy estate and the stay must likewise apply to Linda Culler as Trustee of the Rising Star Trust.

**POINTS AND AUTHORITIES**

"Section 105(a) gives the bankruptcy courts the power to stay actions that are not subject to the 11 U.S.C. § 362(a) automatic stay but 'threaten the integrity of a bankrupt's estate.'" *In re Mylife,* 2022 Bankr. Lexis 3363 (Bankr. C.D. CA. 2022) citing *Indivos Corp. v. Excel Innovations, Inc., Ned Hoffman* (*In re Excel Innovations, Inc.*), 502 F.3d 1086, 1095 (9th Cir. 2007). "The standard governing issuance of a preliminary injunction also applies to issuance of a § 105 injunction, except that in lieu of showing a likelihood of success on the merits, the debtor "must show a reasonable likelihood of a successful reorganization." *Id.* "A § 105 injunction should "not be granted lightly," *id*. A Debtor must also show that he is likely to suffer irreparable harm in the absence of relief, that the balances of equities tips in his favor, and that an injunction is in the public interest. *Id* citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).

Courts within the Ninth Circuit have held that the automatic stay can be extended to non-debtors "where: (1) there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a *judgment against the third-party defendant will in effect be a judgment or finding against the debtor*, or (2) extending the stay against codefendants contributes to the debtor's efforts of rehabilitation." *PNC Bank, N.A. v. Smith*, 2014 U.S. Dist. LEXIS 46163, 3-5 (E.D. Cal. Mar. 31, 2014) (internal citations omitted) citing *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 n. 3 (9th Cir. 1993); see also

*Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282, 287 (2d Cir. 2003) (staying the proceedings against not only the debtor individual defendant, but also the non-debtor corporation co-defendant that was wholly owned by him because the "claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate"). Where a lawsuit "could directly affect" the estate(s), injunctive relief extending the stay to non-debtor parties is appropriate. *In re Quigley Co., Inc.*, 676 F.3d 45 (2nd Cir. 2012) cert. denied sub nom. *Pfizer, Inc. v. Law Offices of Peter G. Angelos*, 133 S. Ct. 2849, 186 L. Ed. 2d 908 (2013). The circumstances of this case warrant the extension of the stay to the Bloom Action for several reasons:

**A. There is a Unity of Interest Between Liberty, Liberty Law, Inc. Liberty Law Office, Inc. and the Rising Star Trust such that the Stay Should be Extended to these Entities.**

Liberty is the sole owner of her professional corporations, Liberty Law, Inc., which is no longer operating, and Liberty Law Office, Inc. Bloom has already determined that Liberty is the alter-ego of her professional corporation and that Liberty Law Office, Inc. is the successor of Liberty Law, and has thus established "such identity between the debtor and the third-party defendants" that Bloom's judgment has been amended to include Liberty individually. Further, Liberty's interest in these entities is property of the bankruptcy estate and any collection that is allowed to proceed against them in state court will prevent Liberty from effectively organizing. Liberty primarily derives her income from her law practice and if the stay is not extended, she will be diverted from focusing on her plan of reorganization as she defends the receivership action in state court. Further, if the receivership is granted as to her corporations, she will be defending investigations into those entities by a receiver for the purpose of collecting a debt against her, individually, since Bloom's claims are that Liberty has not adhered to corporate formalities and has appropriated corporate assets, which claims formed the basis of her successful alter-ego claims. If collection is allowed to continue against her corporations, including Bloom's request for discovery sanctions against Liberty, individually, the stay will be illusory and ineffective in

allowing Liberty the chance to reorganize.

**B. The Rising Star Trust is a Revocable Trust Established by Liberty and the Stay therefore Applies to the Trustee, Bloom has Violated the Stay by Moving Asserting the Stay Does not Apply**

Bloom is suing Culler as Trustee of Liberty's revocable trust on a fraudulent transfer theory. Liberty's trust is revocable and Liberty, as grantor, maintains the power over the trustee and all of the trust property, including distributions of income and principal, and the right to amend, restate or revoke the trust. As such, Liberty holds legal and equitable interests in the trust property it is therefore property of the estate. Bloom's assertion that her action against Culler as Trustee does not violate the stay is wrong and subjects her to damages pursuant to 11 U.S.C. §§ 362(k) and 105, for Bloom's continued prosecution of the SCA as to Culler.

## CONCLUSION

For the reasons stated herein, the Debtor respectfully request that the Court enter an order extending the automatic stay to Liberty Law Office, Inc. and Liberty Law, Inc., for and order declaring the stay applies to Culler as Trustee of the Rising Star Trust Dated October 15, 2021, for sanctions for Bloom's violation of the stay in asserting to the state court that it does not apply to Culler and for further relief as the Court deems proper.

Dated: April 2, 2024         KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.

/s/ SARAH LAMPI LITTLE
Attorneys for Micha Liberty
(Bar No.215635)