SARAH L. LITTLE, ESQ. (Bar No. 215635)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: s.little@kornfieldlaw.com

Attorneys for Micha Star Liberty

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 24-40401 WJL |
|---|---|
| Micha Star Liberty | Chapter 13 |
| Debtors. | **DECLARATION OF MICHA LIBERTY IN SUPPORT OF MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO NON-DEBTOR DEFENDANTS TO LITIGATION; MOTION FOR DAMAGES FOR STAY VIOLATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Date: TBA<br>Time: TBA<br>Ctrm:<br>U.S. Bankruptcy Court<br>1300 Clay Street, 2nd Fl.<br>Oakland, California |

I, Micha Liberty, hereby declare:

1. I am the debtor in the above-entitled chapter 13 case.

2. I know the following of my own personal knowledge and could and would testify competently thereto if called upon to do so, except as to those matters stated on information and

Dec of ML ISO Motion to Extend Stay -1-
Case: 24-40401 Doc# 14-1 Filed: 04/03/24 Entered: 04/03/24 11:31:10 Page 1 of 5

belief, and as to those matters I believe them to be true.

3. I am seeking an order extending the automatic stay to third party defendants Liberty Law Office, Inc., Liberty Law, Inc., and Linda Culler, Trustee of Rising Sar Trust dated October 15, 2021 ("Culler"), regarding the state court actions of Lisa Bloom and the Bloom Firm; a fraudulent conveyance action entitled *the Bloom Firm, a Professional Corporation vs. Michael Star Liberty, an individual, Liberty Law Office, Inc., Liberty Law, Inc., and Linda Culler, Trustee of Rising Start Trust dated October 15, 2015* filed as case 23CV047497 in the Alameda County Superior Court (the "FT SCA") and a post-judgment collection on a judgment entered in a declaratory relief action entitled *Micha Star Liberty, an individual; and Liberty Law Office, Inc. vs. Lisa Bloom and The Bloom Firm* filed as case HG20079536 in the Alameda County Superior Court (the "Dec Relief SCA").

4. Extension of the stay to Liberty Law Office, Inc. and Liberty Law, Inc. is appropriate and necessary here because I cannot propose a plan of reorganization if my business entities are subject to collection efforts by Bloom. I am the sole owner of these businesses.

5. Bloom's actions are impacting the estate's property interests, and my time must be devoted toward reorganizing and my employment rather than defending two state court actions for which the sole purpose is to collect a debt from me.

6. On or about August 23, 2019, I, via my solely owned corporation, Liberty Law Office, Inc. entered into a Joint Venture ("JV") and Joint Venture Agreement (the "JVA") with Lisa Bloom and The Bloom Firm.

7. Problems with the JV arose quickly thereafter as I had concerns over how Bloom handled cases, such as Bloom's trying to achieve quick settlements to the detriment of clients, hiding her work for Harvey Weinstein from me and the JVA clients, and Bloom's failure to pay all costs per the JVA. Further, Bloom did not obtain written consent of clients agreeing to joint

representation and fee sharing as required by California law.

8. On March 20, 2020, Bloom fired all of the staff attorneys dedicated to the JV, failed to pay all the required costs to Liberty Law, and abandoned the clients in violation of CRCP 1.16. Bloom thereafter filed notices to withdraw from the joint cases and filed liens demanding 50% of the attorney fees from the joint cases.

9. After Bloom served a demand for arbitration pursuant to the JVA, I was forced to file a declaratory relief action in Alameda County Superior Court to determine whether a valid fee sharing agreement existed and was enforceable; whether Bloom was entitled to quantum meruit fees if the agreement was unenforceable; and a stay of arbitration pending decision on the enforceability of the agreement.

10. Bloom moved to compel arbitration, which I did not oppose, and we arbitrated on or about August 25, 2021, over three weeks with 7 days of argument and testimony.

11. The arbitration panel entered an award requiring Liberty Law Office, Inc. to pay Bloom a total of $821,400.70 on resolved cases and 50% of the amounts due on delineated cases that were still unresolved as of the date of the award. The award also required Liberty Law Corp to pay Bloom an additional $160,020.00 for arbitration fees.

12. On January 28, 2022, the Alameda County Court granted Bloom's petition to confirm the award. I have appealed the award which is currently pending before the First Appellate District. The judgment is not stayed because I could not post a bond at the percentage Bloom would agree to.

13. Bloom immediately began aggressively collecting on the judgment. I formed a new entity to continue practicing law and attempted to negotiate a settlement with Bloom.

14. On October 30, 2023, Bloom moved for an amended judgment to name my new law corporation, Liberty Law, Inc. and myself, individually, as judgment debtors under an alter-

Dec of ML ISO Motion to Extend Stay -3-
Case: 24-40401    Doc# 14-1    Filed: 04/03/24    Entered: 04/03/24 11:31:10    Page 3 of 5

ego theory of liability. The state court found that I am the alter ego of Liberty Law Office, Inc. and that Liberty Law, Inc. is the successor to Liberty Law Office, Inc. and granted the motion to amend the judgment to include myself, individually, and Liberty Law Office, Inc. as judgment debtors, see Request for Judicial Notice ("RJN") Exhibit A.

15. Bloom continues to collect on her judgment, which is causing me to incur costs to now defend a fraudulent transfer suit against myself individually, the successor law firm and my mother, Linda Culler, as Trustee of the Rising Star Trust. I am also being compelled to respond to discovery and demands related to Bloom's post-judgment Order for Examination.

16. In early March, I retained bankruptcy counsel and at the same time paid Bloom $400,000 toward the judgment. My bankruptcy counsel attempted to meet informally with Bloom's counsel to see if a settlement and payment plan could be reached, and while Bloom's counsel was agreeable to meeting, Bloom's counsel would not halt collection efforts in the meantime and filed a motion to appoint a limited receiver, see RJN Exhibit B.

17. Additionally, Bloom is suing my mother, Linda Culler as a fraudulent transferee, because Culler serves as trustee for my revocable trust which holds title to my primary residence.

18. I filed my pending Chapter 13 Petition on an emergency basis to seek protection from Bloom's collection efforts, which are significantly impairing my ability to practice law and effectively reorganize.

19. My bankruptcy counsel and state court counsel provided notice to Bloom of my Chapter 13 Bankruptcy. A Notice of Bankruptcy was filed in the SCA.

20. On March 26, 2024, Bloom filed a Notice the Proceedings are Not Stayed as to Non-Debtors asserting that the stay does not apply to Liberty Law Office, Liberty Law, Inc. and Culler, see RJN Exhibit C.

21. My employment and income is solely derived through my practice of law. Bloom

has established that my corporations are alter-egos, and for practical purposes I cannot reorganize if Bloom's collection efforts and receivership action are allowed to continue.

22. Since Linda Culler is the trustee of my revocable trust, the stay applies to my trust. There is no reason to maintain a separate action again her as trustee, all of the trust property is property of my bankruptcy estate and the stay must likewise apply to Linda Culler as Trustee of the Rising Star Trust.

23. For the reasons stated herein, I respectfully request that the Court enter an order extending the automatic stay to Liberty Law Office, Inc. and Liberty Law, Inc., for and order declaring the stay applies to Culler as Trustee of the Rising Star Trust Dated October 15, 2021, for sanctions for Bloom's violation of the stay in asserting to the state court that it does not apply to Culler.

Dated: April 2, 2024

/s/ Micha Liberty
Micha Liberty