Martha G. Bronitsky, #127583  
Chapter 13 Standing Trustee  
Sarah Velasco, #255873, Staff Attorney  
PO Box 5004  
Hayward, CA 94540  
(510) 266- 5580  
13trustee@oak13.com

THE UNITED STATES BANKRUPTCY COURT  
NORTHERN DISTRICT OF CALIFORNIA  
OAKLAND DIVISION

| In re | Chapter 13 Case No. 24-40401-WJL13 |
|---|---|
| **Micha Star Liberty** <br><br> Debtors | Chapter 13 Trustee's Initial Notice of Deficiencies and Objection to Confirmation of Chapter 13 Plan |

### Plan Objection Information

Chapter 13 Trustee ("Trustee") Objects To: Chapter 13 Plan  
Filed: April 12, 2024  
Docket#: 20

### Motion To Dismiss Information

☐ Trustee Seeks To Dismiss or Convert the Case

Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.

(See II. Motion To Dismiss Below)

### Case Information

Petition Filed: March 22, 2024        Attorney Name: KORNFIELD NYBERG BENDES KUHNER & LITTLE PC

# I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

## (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☐ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☑ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts: According to Trustee's hypothetical liquidation analysis, general unsecured creditors would receive a higher dividend in Chapter 7. Trustee estimates plan payments of $5,292 and a minimum dividend of 100% is necessary for the plan to comply with Section 1325(a)(4).

☑     (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan.  [11 U.S.C.§1325(a)(6)]

Facts: Schedule I No. 11 lists income from savings in the amount of $3,500. Debtor should specify which bank account will be used to supplement her income. Schedule I No. 13 states: "Debtor paid herself $200,000 in wages in 2023 but her law practice did not generate any net income. Funds came from capital. Debtor hopes this chapter 13 case will allow her to focus on her law practice and generate income, which she has consistently done until the past 18 months because litigation with the Bloom Firm has interferred with her ability to focus on her consulting and legal practices. Income stated here is the average she expects to resume making but stream is not consistent, as debtor's practice is personal injury."  Schedule I should list Debtor's actual income, not projected income.

☐     (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐     (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐     (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims.  [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐     (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐     (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐     (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☑     (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts: Debtor has yet to file form 122C-1 and 122C-2, if applicable.

☑ **(15(a)) Other:** Taxes

Facts: Provide a copy of the Federal income tax return for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax returns was filed. [11 U.S.C. section 521(e)(2)(i)]. Failure to provide a copy to the Trustee no later than 7 days prior to the Meeting of Creditors may result in a request for dismissal or conversion of this case.

☑ **(15(b)) Other:** Incomplete and/or inaccurate disclosures

Facts: Schedule A/B No. 1.2 is missing the county. Schedule I 8a rental income and expense statement needs to be filed. No income is listed on Statement of Financial Affairs Nos. 4-5 for 2022-2024. Attachment to Statement of Financial Affairs No. 6 regarding payments to Chase Credit Card, Internal Revenue Service, Gusto, Lisa Bloom, American Express, Silverpeaks, Central Loan, PNC Mortgage, and Alameda County Tax fails to disclose the creditors addresses, total paid in the 90 days prior to filing, amounts still owed, and what the payments are for. Statement of Financial Affairs No. 27 fails to list the dates of operations for each business. Statement of Financial Affairs No. 27 fails to disclose the address and nature of Debtor's business Starry Sky Holdings LLC. Statement of Financial Affairs No. 27 fails to disclose the address of Liberty Law Office Inc. and the dates of operation.

## (B) Local Rules and General Orders

☑ **(16)** Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

Facts: Section 2.1 should include the total payments listed in Section 2.3, to increase the estimated total payments to $1,650,000. Section 2.2 is unanswered. Section 2.3 lists duplicate dates of 6/30/26, 9/30/26 & 12/30/26, it appears the year should be corrected to 2028. The plan should include a nonstandard provision that Debtor will turn over nonexempt funds from Qui Tan action against Bloom Law Firm via Liberty Law Inc, as listed on Schedule A/B No. 33, within two weeks of receipt.

☐ **(17)** Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☑ **(18)** The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts: The fee disclosure form has yet to be filed.

☑ **(19) Other:** Pay Advices, Serve the plan

Facts: The plan needs to be served on 28 days' notice and opportunity to object. Debtor has yet to provide the Trustee copies of Payment advices/paystubs and/or Certification pursuant to General Order 32. Failure to provide a copy to the Trustee no later than 7 days prior to the Meeting of Creditors may result in a request for dismissal or conversion.

## II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☐ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts:

☐ (6) Other cause:

Facts:

## III. Trustee's Recommendation/Analysis

☐ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

***Note: If you have questions, please contact Carolina Urbina by email at curbina@oak13.com.

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐   That the Debtor's case be dismissed or converted.

Such other and further relief as the court deems proper.

Date: April 17, 2024                                            /s/ Trustee Martha G. Bronitsky
                                                                Trustee Martha G. Bronitsky
                                                                Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 17, 2024                             /s/ Eliemary DeGuzman
                                                 Eliemary DeGuzman

Micha Star Liberty                               Kornfield Nyberg Bendes Kuhner & Little Pc
825 Calmar Ave                                   1970 Broadway #600
Oakland, CA 94610                                Oakland, CA 94612

Debtor                                           (Counsel for Debtor)