**CHORA YOUNG & MANASSERIAN LLP**
Paul P. Young (SBN 257571)
Joseph Chora (SBN 284700)
Kevin C. Ronk (SBN 241598)
650 Sierra Madre Villa Avenue, Suite 304
Pasadena, California 91107
Tel.: (626) 744-1838
Fax: (626) 744-3167
Email: paul@cym.law
Email: kevin@cym.law

Attorneys for Creditor
The Bloom Firm, a Professional Corporation

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DIVISION OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No.: 24-40401 WJL |
| MICHA STAR LIBERTY, | [Chapter 13] |
| Defendant(s). | **OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011** |
| | Hearing Date: September 12, 2024 |
| | Hering Time: 1:30 p.m. |
| | Crtrm: 220 |
| | U.S. Bankruptcy Court |
| | 1300 Clay Street, 2nd Flr. |
| | Oakland, California |
| | Judge: Hon. William J. Lafferty |

1

OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011

# DECLARATION OF PAUL YOUNG

I, Paul P. Young, declare the following:

1. I am an attorney, duly licensed to practice in the State of California and before this Court. I am an attorney licensed to practice law in the State of California. I am a partner at Chora Young & Manasserian LLP ("CYM"), the counsel for Judgment Creditor The Bloom Firm, A Professional Corporation ("Bloom").

2. I make this Declaration in support of The Bloom Firm's Motion for Sanctions Pursuant to Fed. R. Bankr. P. 9011 and its Motion for Order Dismissing Debtor's Chapter 13 Bankruptcy Case with Prejudice.

3. Except where stated upon information and belief, the statements herein are based upon my personal knowledge and my review of the records within my law office. If called to testify, I could and would competently testify hereto.

## Underlying Action

4. On or about August 23, 2019, Liberty Law Office, Inc. ("LLO") entered into a Joint Venture Agreement ("JVA") with Bloom.

5. Problems with the JVA arose quickly thereafter, and Bloom withdrew from the JVA and demanded her share of attorney fees from the joint cases.

6. After Bloom served a demand for arbitration pursuant to the JVA, Micha Star Liberty ("Liberty" or the "Debtor") and LLO filed a declaratory relief action in Alameda County Superior Court entitled *Liberty, et al. v. Bloom, et al.*, Case No.: HG20079536) ("Underlying Action".)

7. Bloom moved to compel arbitration, which was unopposed, and the final arbitration award ("Award") was issued on August 25, 2021, over three weeks with 7 days of argument and testimony.

8. The arbitration panel entered an award requiring LLO to pay Bloom a total of **$821,400.70** on resolved cases and 50% of the amounts due on delineated cases (in an amount not less than $491,177.50) that were still unresolved as of the

2
OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011

Case: 24-40401    Doc# 71    Filed: 08/01/24    Entered: 08/01/24 20:11:02    Page 2 of 12

1  date of the award. The award also required LLO to pay Bloom an additional **$160,020.00** for arbitration fees.

9. On January 28, 2022, the court in the Underlying Action granted Bloom's petition to confirm the arbitration award.

10. On September 13, 2022, the Court entered an amended judgment nunc pro tunc, as of March 23, 2022, in the total amount of $940,998.02, plus interest of $246.14 for each day after April 4, 2022, until the judgment is entered, in favor of Bloom and against LLO ("Judgment"). In addition, the Judgment required LLO to pay Bloom 50% of fees obtained from several designated cases that had not yet been litigated to a resolution (in an amount not less than $462,219.50). Attached hereto is a true and correct copy of the Judgment as **Exhibit 1**.

11. Liberty appealed the Judgment, which was affirmed by the Court of Appeal, First Appellate District (Case No.: A165269) on February 26, 2024. On March 13, 2024, Liberty petitioned the Court of Appeal for a rehearing. On March 20, 2024, the Court of Appeal modified the Opinion, with no change in the Judgment. On the same day, Liberty's petition for rehearing was denied. Attached hereto is a true and correct copy of the Opinion as **Exhibit 2**.

12. On October 30, 2023, Bloom filed a (1) Motion to Amend Judgment to Name Micha Star Liberty as Judgment Debtor and (2) Motion to Amend Judgment to Name Liberty Law Incorporated as Judgment Debtor (together as "Motions to Amend"), along with a Proposed Amended Nunc Pro Tunc Judgment in the Underlying Action.

13. On January 26, 2024, the court in the Underlying Action granted Bloom's Motions to Amend. Attached hereto is a true and correct copy of the Order granting the Motions to Amend as **Exhibit 3**. Attached hereto is a true and correct copy of the signed Amended Nunc Pro Tunc Judgment as **Exhibit 4**.

/ / /

/ / /

3
OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011

Case: 24-40401   Doc# 71   Filed: 08/01/24   Entered: 08/01/24 20:11:02   Page 3 of 12

## Post-Judgment Discovery and Investigation

14. Since CYM became the attorney of record for Bloom, CYM began to conduct post-judgment discovery and investigation on LLO and Liberty Law Incorporated ("LLI").

15. I retrieved publicly accessible documents filed with the California Secretary of State, and I personally learned that LLI was formed on December 22, 2022, just approximately three months after the Judgment was entered *nunc pro tunc*. Through the California Secretary of State Business Search, I reviewed LLI's State of Information, filed on December 29, 2022, and learned that Liberty is the Chief Executive Officer, Chief Financial Officer, Secretary, and sole director of LLI.

16. On August 8, 2023, CYM issued a subpoena duces tecum and caused it to be served on Bank of America, N.A. ("Bank of America"). On August 10, 2023, Bank of America was personally served with the subpoena duces tecum.

17. On September 29, 2023, Bank of America produced over 2003 pages of LLO's bank account statements and checks. Within the production of documents from Bank of America, a Declaration of a Custodian of Records was included to certify the documents. I reviewed the contents of the documents produced by Bank of America upon receipt. Based on this review, I am readily familiar with all its contents.

18. LLO held a business checking account (ending in x3838), business savings account (ending in x7181), and a client trust account (IOLTA) (ending in x3841).

19. On February 22, 2023, LLO transferred $2,424,420.64, the entire balance of its IOLTA, to LLI. Subsequently, LLO closed its IOLTA.

20. Through post-judgment discovery of bank records for bank accounts in the name of LLO, Bloom learned that between the time of the Demand for Arbitration to the time Liberty closed LLO's bank accounts, Liberty regularly used LLO's business checking account (ending in x3838) to pay for her personal expenses,

4
OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011

Case: 24-40401    Doc# 71    Filed: 08/01/24    Entered: 08/01/24 20:11:02    Page 4 of 12

such as: (1) Vehicle payments/lease expenses to BMW BMWFINANCIAL SVS ("BMW Financial Services") and MBFS.COM ("Mercedes-Benz Financial Services"), in a grand total amount of at least $12,865.63; (2) utility bills in a grand total amount of at least $6,480.75; and (3) residential property tax payments in a grand total amount of at least $40,321.79.

21. On August 8, 2023, CYM issued a subpoena duces tecum and caused it to be served on JPMorgan Chase Bank, N.A. ("Chase"). On August 10, 2023, Chase was personally served with the subpoena duces tecum.

22. On August 29, 2023, Chase produced over 243 pages of LLO's credit card statements. Within the production of documents, a Declaration was included to certify the documents. I reviewed the contents of the documents produced by Chase upon receipt. Based on this review, I am readily familiar with all its contents.

23. LLO owned a credit card (ending in x2013). During the same time period of Demand for Arbitration to the time LLO closed its credit card, Liberty also regularly used LLO's Chase credit card for personal expenses, such as payments for her manicures at Nail Today in a grand total of at least $1,440.00.

24. On October 13, 2023, Bloom filed a complaint for recovery of fraudulent transfers against Liberty, LLO, LLI and Linda Culler, Trustee of the Rising Star Trust dated October 15, 2021, commencing the case entitled *The Bloom Firm v. Liberty, et al.* (Case No. 23CV047497), which is currently pending in the Superior Court for the State of California, County of Alameda (the "UVTA Action").

## Order for Appearance and Examination

25. On August 25, 2023, the court in the Underlying Action issued an Order for Appearance and Examination ("ORAP") of LLO. On October 7, 2023, Liberty, on behalf of LLO, was personally served with the ORAP and a subpoena duces tecum.

/ / /

/ / /

5
OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011

Case: 24-40401    Doc# 71    Filed: 08/01/24    Entered: 08/01/24 20:11:02    Page 5 of 12

26. Joshua Friedman, counsel for LLO, informed me that Liberty would not be able to appear for the ORAP, initially set for November 17, 2023. Mr. Friedman requested for a continuance to hold LLO's ORAP on January 26, 2024. I granted Mr. Friedman's request to continue the ORAP to January 26, 2024.

27. On January 26, 2024, I personally appeared before the court in the Underlying Action to conduct Liberty's, on behalf of LLO, ORAP. The ORAP was not concluded on January 26, 2024, and the court ordered the ORAP to be continued to March 1, 2024.

28. At 6:03 pm on February 29, 2024, Sarah Little, counsel for Liberty in this bankruptcy matter, informed me that Liberty would not be appearing for the ORAP. Attorney Little gave little to no reason for Liberty's refusal to appear other than that Liberty would be filing for bankruptcy, which would be prepared to file "immediately." Attached hereto is a true and correct copy of the February 29, 2024 email chain between me and attorney Little as **Exhibit 5**.

29. In a second email from attorney Little on February 29, 2024, Ms. Little states,

> "Micha will not be operating Liberty Law as a separate entity going forward. While you are correct that her personal bankruptcy will not stay collection against her corporation(s), Liberty Law Inc. is no longer operating and she will proceed to practice law as sole proprietorship. I will not be filing a corporate bankruptcy, as there are no assets to administer."

(See **Exhibit 5**.)

30. On or around March 13, 2024, Liberty paid $400,000 to Bloom towards the Judgment.

### UVTA Action

31. On March 21, 2024, Bloom filed a notice of motion and motion for appointment of a limited receiver (the "Motion for Limited Receiver") in the UVTA Action.

6
OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011

Case: 24-40401    Doc# 71    Filed: 08/01/24    Entered: 08/01/24 20:11:02    Page 6 of 12

32.     Liberty did not file a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Petition") until March 22, 2024.  In the Petition, Liberty and her bankruptcy counsel improperly listed LLO and LLI as "dbas" of Liberty despite the fact the Petition form specifically states that corporations are not to be listed as dbas for the debtor.

33.     That same day, Liberty "*fdba* LLI *fdba* LLO" (the "Debtor") filed a Notice of Filing Voluntary Petition for Bankruptcy and Stay of Proceedings in the UVTA Action ("UVTA Notice of Stay").  Attached hereto is a true and correct copy of the Notice of Stay filed in the UVTA Action as **Exhibit 6**.

34.     The Notice of Stay attaches the Petition and states,

> **PLEASE TAKE NOTICE** that Defendant Micha Star Liberty, **_dba Liberty Law, fdba Liberty Law, Inc., fdba Liberty Law Office, Inc._** (the "Debtor") filed a voluntary petition for bankruptcy on March 22, 2024. A true and correct copy of the Voluntary Petition for Bankruptcy is attached hereto as Exhibit A.
>
> **PLEASE TAKE FURTHER NOTICE** that pursuant to 11 U.S.C. § 362(a), the Debtor's filing of the Voluntary Petition for Bankruptcy operates as a stay, applicable to **_all entities_**, of, among, other things: (a) the commencement or continuation of all judicial, administrative, or other actions or proceedings against the Debtor (i) that were or could have been commenced before the commencement of the Debtor's case or (ii) to recover any claims against the Debtor that arose before the commencement of the Debtor's cases; (b) the enforcement, against the Debtor or against any property of the Debtor's bankruptcy estates, of a judgment obtained before the commencement of the Debtor's cases; or (c) any act to obtain possession of property of or from the Debtor's bankruptcy estate, or to exercise control over property of the Debtor's bankruptcy estate.

(Emphasis added.)

35.     In response to the improper Notice of Stay, on March 26, 2024, Bloom filed the Notice the Proceedings are Not Stayed as to Non-Debtors (the "Notice re Non-Debtors") in the UVTA Action, asserting that the stay does not apply to non-debtors LLO and LLI.

7
OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011

Case: 24-40401    Doc# 71    Filed: 08/01/24    Entered: 08/01/24 20:11:02    Page 7 of 12

36. On March 23, 2024, Liberty filed a Notice of Stay of Proceedings in the Underlying Action, which also falsely claims that "the [Underlying Action] is stayed…with regard to all parties." In response to Debtor's Notice of Stay of Proceedings in the Underlying Action, Bloom filed a similar Notice re Non-Debtors on March 26, 2024.

37. On April 25, 2024, Liberty filed an Amended Notice of Stay, which mirrored the language used in the Notice of Stay filed in the UVTA action and making the same false statements concerning the stay.

## **Calculation of the Judgment**

38. On April 25, 2024, via an email from her counsel, Sarah Little, I was provided with a declaration executed by Debtor detailing the amount of attorney's fees awarded to her in the Unresolved Cases pursuant to the Judgment. This declaration placed Bloom's claim amount is **$1,676,971.60**, which is significantly higher than the scheduled amount of the claim.

39. Upon my review, I discovered that Liberty's calculations were inaccurate, as the calculations did not include accurate interest and allowances for the costs added via memorandum of costs after judgment filed in the Underlying Action. Despite the inaccuracy, I informed Ms. Little via email on that date that the newly provided calculations alone put the Debtor over the debt limits for a Chapter 13 bankruptcy case.

40. On May 10, 2024, I was provided with an amended calculation from Ms. Little for the attorney's fees awarded in the Unresolved Cases pursuant to the Judgment. The Debtor's amended calculation stated that The Bloom Firm current claim amount was **$1,867,332.92** as of the petition date, which is nearly **$400,000** more than the scheduled amount of the claim. However, the amount was still inaccurate, as the claim amount should have been a minimum of **$1,870,120.85**.

/ / /

/ / /

8

OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011

Case: 24-40401    Doc# 71    Filed: 08/01/24    Entered: 08/01/24 20:11:02    Page 8 of 12

41. On May 23, 2024, counsel for Bloom and Liberty entered into a stipulation for protective order ("Protective Order"), pertaining to the attorney's fees award amounts in the Unresolved Cases. (See Dkt. 42.)

42. On May 28, 2024, this Court entered an Order approving the stipulation. (See Dkt. 43.)

43. To prevent violating the Protective Order, Bloom will only submit a copy of Liberty's declaration and amended calculation of the attorney's fees award for an in-camera review should the Court deem necessary.

44. On May 2, 2024 at 5:08 p.m., I emailed Ms. Little to inform her that Liberty is likely to be over the debt limit for a Chapter 13 bankruptcy case.

45. On May 3, 2024 at 1:23 p.m., Ms. Little responded to my email, acknowledging that I informed her that Libert exceeded the debt limit and conversion may be necessary, but did not concede. She further requested a call between our offices and a memorandum of costs from my office, which was later provided to her.

46. Attached hereto is a true and correct copy of the May 2-3, 2024 email chain as **Exhibit 7**.

47. Based upon the method of calculation, Bloom calculates their actual current claim to be valued at a minimum of **$1,870,120.85** and as much as (approximately) $2.2 million dependent on the interpretation of the JVA, the Judgment and/or other documents to be determined in the bankruptcy court or subsequently in a non-bankruptcy forum. In any regard, Liberty is certainly over the debt limit for a Chapter 13 case.

### Reasonable Attorney's Fees

48. While I substantially assisted in the preparation of the Motion for Sanctions Pursuant to Fed. R. Bankr. P. 9011, I do not seek fees for my personal service.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

9
OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011

Case: 24-40401    Doc# 71    Filed: 08/01/24    Entered: 08/01/24 20:11:02    Page 9 of 12

Executed this 1st Day of August 2024 at Pasadena, California.

                                      */s/ Paul P. Young*
                                        Paul P. Young

10

OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011

Case: 24-40401   Doc# 71   Filed: 08/01/24   Entered: 08/01/24 20:11:02   Page 10 of 12

# CERTIFICATE OF SERVICE

I am at least 18 years of age and not a party to the action; my business address is: 650 Sierra Madre Villa Ave., Suite 304, Pasadena, CA 91107.

On August 1, 2024, I served the interested parties with the document described as follows: **OMNIBUS DECLARATION OF PAUL P. YOUNG IN SUPPORT OF THE BLOOM FIRM'S: (1) MOTION FOR ORDER DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE WITH PREJUDICE; AND (2) MOTION FOR SANCTIONS PURSUANT TO FED. R. BANK. P. 9011**

1. BY NEF: Service was accomplished through the Notice of Electronic Filing ("NEF") for parties and counsel who are registered ECF Users and identified below:

   - **Jenelle C. Arnold on behalf of Creditor PNC Bank, N.A.:** ecfcanb@aldridgepite.com, jarnold@ecf.inforuptcy.com
   - **Martha G. Bronitsky:** 13trustee@oak13.com
   - **Sarah Lampi Little on behalf of Debtor Micha Star Liberty**: sarah@kornfieldlaw.com
   - **Office of the U.S. Trustee/Oak:** USTPRegion17.OA.ECF@usdoj.gov
   - **Jennifer C. Wong on behalf of Creditor CitiMortgage, Inc.:** bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
   - **Paul Young on behalf of Creditor The Bloom Firm, a Professional Corporation:** paul@cym.law, jaclyn@cym.law
   - **Kevin Ronk on behalf of Creditor The Bloom Firm, a Professional Corporation:** Kevin@portilloronk.com, ronk.kc@gmail.com
   - **Nikko S. Stevens on behalf of Creditor The Bloom Firm, a Professional Corporation:** nikko@cym.law
   - **Cheryl Skigin on behalf of Creditor BMW Bank of North America:** caskigin@earthlink.net

/ / /

/ / /

1

CERTIFICATE OF SERVICE

Case: 24-40401    Doc# 71    Filed: 08/01/24    Entered: 08/01/24 20:11:02    Page 11 of 12

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 1, 2024 at Pasadena, California.

          */s/ Jaclyn Poon*
          Jaclyn Poon